NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000137**
**25-SEP-2012**
**09:38 AM**

NO. CAAP-11-0000137

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

KONDAUR CAPITAL CORPORATION,
Plaintiff-Appellee,
v.
CYNTHIA J. MARCUS, INDIVIDUALLY AND AS TRUSTEE OF THE
MARCUS FAMILY TRUST DATED NOVEMBER 30, 1992,
Defendant-Appellant,
and
PUALANI ESTATES AT KONA COMMUNITY ASSOCIATION;
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; and
DOE GOVERNMENTAL UNITS 1-10,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 09-1-195K)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Reifurth, JJ.)

Defendant-Appellant Cynthia J. Marcus (Marcus) appeals from the April 11, 2011 "Judgment on Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against all Defendants

on Complaint filed May 26, 2009" (Judgment) of the Circuit Court of the Third Circuit[1] (circuit court) and entered pursuant to the "Order Granting Plaintiffs Motion for Summary Judgment filed on December 23, 2010" and the "Order Denying Defendant Cynthia J. Marcus' Motion for Reconsideration dated December 23, 2010 and filed at the Court on February 7, 2011." Judgment was entered in favor of Plaintiff-Appellee Kondaur Capital Corporation (Kondaur) and against Marcus and Defendant-Appellee Pualani Estates at Kona Community Association (Pualani).

On May 26, 2009, Kondaur filed a Complaint for foreclosure against Marcus and Pualani. Marcus and Pualani did not file answers. On July 12, 2010, Kondaur filed "Plaintiffs Motion for Summary Judgment and Decree of Foreclosure Against all Defendants on Complaint filed May 26, 2009" against Marcus and Pualani, which the circuit court granted December 23, 2010.

On April 11, 2011, the circuit court entered the "Judgment on Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against all Defendants on Complaint filed May 26, 2009." Marcus filed a timely appeal.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Marcus's appeal is without merit.

The standard of review on appeal for a denial of a motion to set aside default is whether there has been an abuse of discretion. Cnty. of Hawai'i v. Ala Loop Homeowners, 123 Hawai'i 391, 423, 235 P.3d 1103, 1135 (2010) (citing Hupp v. Accessory Distrib., Inc., 1 Haw. App. 174, 177, 616 P.2d 233, 235 (1980)

---

[1] The Honorable Ronald Ibarra presided.

2

(holding that "application under Rule 55(c) Hawai'i Rules of Civil Procedure to set aside entry of default is addressed to the sound discretion of the court")); see also Gonsalves v. Nissan Motor Corp., 100 Hawai'i 149, 158 58 P.3d 1196, 1205 (2002).

In BDM, Inc., v. Sageco, Inc., the Hawai'i Supreme Court held that a party seeking to set aside a default must demonstrate the following three factors:

> [i]n general, a motion to set aside a default entry or a default judgment may and should be granted whenever the court finds (1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a wilful act.

BDM, Inc., v. Sageco, Inc., 57 Haw. 73, 76, 549 P.2d 1147, 1150 (1976).

The circuit court found that based on BDM, "[Kondaur] would be prejudiced by the reopening, that [Marcus did] not have a meritorious defense, and that the default was a result of inexcusable neglect or willful act."

Kondaur engaged in time consuming and exhaustive attempts at effectuating personal service upon Marcus. Marcus, however, engaged in conduct to defeat the foreclosure action. She evaded service, wrote a complaint letter to the Federal Bureau of Investigation, hired and discharged various counsel, and requested continuances. Marcus also made various admissions that she defaulted on her Note and Mortgage, which demonstrated no meritorious defense. As a result, the default was due to her deliberate efforts to avoid service and delay the foreclosure process.

Therefore,

IT IS HEREBY ORDERED that the April 11, 2011 "Judgment on Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against all Defendants on Complaint filed May 26, 2009" entered

in the Circuit Court of the Third Circuit is affirmed.

DATED:   Honolulu, Hawai'i, September 25, 2012.


On the briefs:

Robin R. Horner
(RRH & Associates)
for Defendant-Appellant.

Robert E. Chapman
Mary Martin
Reginald K.T. Yee
(Clay Chapman Iwamura
Pulice & Nervell)
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

4